# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1891 | **DATE** | 10/11/2012 |
| **CASE TITLE** | Trustees of the Chicago Decorators and Painters Fund, et al. v. Destiny Services, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the defendant's motion to vacate the judgment [24-1] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

Destiny Services, Inc.'s motion to vacate the judgment entered against it on July 13, 2012 [24] is denied.

Plaintiffs filed their complaint against Destiny Services, Inc. ("Destiny") on March 15, 2012. (Dkt. #1.) Plaintiffs personally served Daniel McDuffie, Destiny's President and registered agent, on May 8, 2012. (Dkt. # 7.) Defendant did not appear through counsel in the case. Instead, McDuffie filed a document on May 29, 2012 entitled "Answer to Plaintiffs's Complaint at Law." (Dkt. # 10.) On June 6, 2012, Plaintiffs filed a motion to strike the answer and enter an order of default on the ground that the answer was not filed by an attorney. (Dkt. # 11.) On June 14, 2012, the Court granted the Plaintiffs' motion to strike the answer, entered an order of default and set a status for the filing of a motion for prove-up of damages. (Dkt. # 13.) Plaintiffs filed and served a motion for judgment in a sum certain on July 3, 2012, which was noticed for July 10, 2012. (Dkt. ## 14-15.) On its own motion, the Court reset the presentment date for Plaintiffs' motion for judgment in sum certain to July 13, 2012. (Dkt. # 16.) On July 13, 2012, the defendant did not appear and the Court granted Plaintiffs' motion for entry of judgment against Destiny in the amount of $139,160.42 and terminated the case. (Dkt. # 17.)

Destiny now moves to vacate the entry of judgment against it under Federal Rule of Civil Procedure 60(b) on the ground that it did not receive notice of either Plaintiffs' motion to strike and for entry of default or Plaintiff's motion for judgment in sum certain. Specifically, Destiny moves under subsections (1) and (6) of Rule 60(b) which provide that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6).[1] According to Destiny, although Plaintiffs served both motions at the address of Destiny's registered agent as listed with the Illinois Secretary of State's office, 1139 Vermont Avenue, Calumet Park,

Illinois 60827, "it is not an address that [it] regularly checks for mail" (Def.'s Mot., Dkt. # 24, ¶ 6), though it admits to using the address for its business. (*Id*.) Therefore, Destiny claims it did not have actual notice of the motions in time to defend them.

To obtain relief from a default judgment under Rule 60(b)(1) for mistake, inadvertence, surprise, or excusable neglect, the defendants must demonstrate (1) good cause for the default, (2) quick action to correct it, and (3) a meritorious defense to the complaint. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). Relief under Rule 60(b) is "an extraordinary remedy to be granted in exceptional circumstances." *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995).

Plaintiffs first argue that Rule 55(b)(2) does not require notice of the motion for default judgment to Destiny because it did not technically appear in the case. *North Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons*, 842 F.2d 164, 169-170 (7th Cir. 1988). But the Court need not address this issue because it is clear that good cause does not exist for Rule 60(b)(1) relief. Plaintiffs served Destiny at the address provided by Destiny to the Illinois Secretary of State as its registered agent's address--1139 Vermont Avenue, Calumet Park, Illinois 60827. (Pls.' Resp., Dkt. # 28, Ex. 1.) The summons, which was personally served on McDuffie, lists the Vermont Avenue address as the address for Destiny. Thus, McDuffie was on notice that the Vermont Avenue location was the address being used by Plaintiffs to provide notice to Destiny. McDuffie, however, neither changed the address with the Secretary of State's office nor began to regularly check the mailbox located at the Vermont Avenue office despite being on notice of the instant lawsuit. Moreover, even when he (improperly) filed an answer on behalf of Destiny in this action, McDuffie provided no address on the filing. Thus, Plaintiffs had no indication that the address on file with the Secretary of State may not have been the best address for providing notice to Destiny.

Destiny suggests that had McDuffie been a lawyer or known better, he would have put his own personal address at the end of the answer he filed on Destiny's behalf, and "presumably" Plaintiffs would have used that address when serving on Destiny the motions to strike and for entry of default and for judgment. As an initial matter, McDuffie is no stranger to litigation. Indeed, Plaintiffs point to four other cases in this district in which McDuffie's previous corporation, Destiny Decorators, Inc., has been named as a defendant and for which five different law firms entered their appearances. (*Id*. at 12 n.1.) Moreover, McDuffie has previously been advised by *this* Court in a different action, 08 C 4984, that he could not represent a corporation. (*Id*., 10/30/08 Hr'g. Tr., Ex. 7 at 7) ("And you, sir, do not qualify to stand before me as representing the defendant [Destiny Decorators, Inc.] in this case. The defendant must be represented by an attorney because it is a corporation. That's the law."). It was for this reason that the Court struck the answer filed by McDuffie in the instant case and entered an order of default.

Destiny contends that when it found out in mid-August that judgment had been entered against it, it immediately sought out counsel to correct the default. But a showing of quick action does not cancel the lack of good cause. Moreover, Destiny must show a meritorious defense. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Sullivan v. Gen. Plumbing, Inc.*, No. 06 C 2464, 2007 WL 1030236, at *4 (N.D. Ill. Mar. 31, 2007) (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)). Such a defense requires more than a "general denial" and "bare legal conclusions." *Id.* (citation omitted).

As an initial matter, Destiny's position that it has a meritorious defense is not supported by a developed legal basis as its cites no legal authority for its position. Moreover, the minimal facts provided do

| STATEMENT |
|---|

not support Destiny's position. Destiny argues that "the original judgment was entered against Destiny Decorators[,] a corporation separate and distinct from Destiny Services." (Def.'s Motion Vacate, Dkt. # 24, ¶ 12.) But this is not the case. The defendant in this action is Destiny Services, Inc, and that is whom judgment is entered against. (Dkt. # 19.) Destiny appears to be arguing that judgment should not have been entered against it because it is not a successor corporation, as alleged in the complaint, to Destiny Decorators, the entity that failed to pay the contributions and sought bankruptcy protection. (Def.'s Mot. Vacate, Dkt. # 24, at ¶ 12) ("Destiny Services has different ownership, provides more services, employs more people, etc. tha[n] Destiny Decorators did."). But McDuffie, who submitted the answer on behalf of Destiny, admitted that he was the owner of both Destiny Decorators and Destiny Services. (Dkt. # 10, ¶¶ 25-26.) McDuffie also admitted in the answer that both companies hired the same individuals to perform bargaining unit work (*id*. ¶¶ 23-24), and that he "directed, controlled, and managed the workforce" of both Destiny Decorators and Destiny Services. (*Id*. ¶¶ 27-28.) Moreover, McDuffie admitted that Destiny performs the same type of work, painting work, that was previously performed by Decorators. Thus, McDuffie's own admissions contradict Destiny's assertion in its motion to vacate that it had different ownership, provided more services and employed more people than Decorators. Because Destiny has failed to show good cause or a meritorious defense, its motion to vacate the default is denied.

Finally, Destiny asks the Court to vacate the default as a matter of equity and fairness, but cites to no authority for this assertion. Accordingly, the request is denied.

1. Despite asking that the order of default be vacated, Destiny makes no mention of Rule 55(c), which provides that a "court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Accordingly, the Court considers only Destiny's motion to vacate the default judgment under Rule 60(b).